UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20279-CR-MARTINEZ

UNITED STATES OF AMERICA,

  Plaintiff,

v.

MARINA TURCINA,

  Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about November 28, 2011, court-appointed defense counsel Paul J. Donnelly ("Counsel") submitted a voucher application numbered FLS 11 2148 with appended time sheets requesting $39,029.61 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated November 28, 2011 in support of his voucher application.

Counsel represented Defendant Marina Turcina ("Defendant") for six months from his appointment on April 6, 2011 until October 31, 2011 and seeks compensation for this time in the voucher application. Counsel seeks $39,029.61 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 575]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

-2-

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for two reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned a sixty count Indictment **[DE # 102]** charging fifteen codefendants with numerous crimes including conspiracy to commit wire fraud, wire fraud, conspiracy to commit fraud in connection with immigration documents, fraud in connection with immigration documents and bribery of a public official.

Defendant was specifically named in Counts I, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XLI, LVI and LVII. In Count I, Defendant was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. In Counts VII - XVIII, Defendant was charged with wire fraud in violation of 18 U.S.C. § 1343. In Count, XLI, Defendant was charged with conspiracy to commit fraud in connection with immigration documents in violation of 18 U.S.C. § 371. In Counts LVI and LVII, Defendant was charged with fraud in connection with immigration documents in violation of 18 U.S.C. § 1546.

Defendant faced a separate maximum term of twenty years imprisonment for each of the following Counts: I, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII and XVIII. Defendant faced a term of five years imprisonment on the conspiracy to commit fraud in connection with immigration documents charge and ten years imprisonment on each of the

two immigration fraud charges. Counsel later entered a plea of guilty to one count of conspiracy to commit wire fraud. **[See DE # 335]**. She was sentenced to time served and ordered to pay $44,665.18 in restitution. **[See DE # 466]**.

Second, discovery was voluminous in this case. "The discovery in this case involved over 500 hours of video and audio-video recordings and more than 12,000 documents. Many of the defendants and co-conspirators spoke English as a second language and spoke either Russian or Latvian on the tapes, and this led to extensive time with my client and a Russian translator deciphering what was said or discussed in the recordings. (November 28, 2011 letter at 1).

Additionally, "until mid-August, 2011, Ms. Turcina insisted on proceeding to trial. As a result, the undersigned was preparing for trial from April through August in earnest. As mentioned above, the investigation and resulting discovery was massive. Ms. Turcina and counsel had to fully review the discovery and prepare for the testimony of many victims, a number of cooperating co-defendants, and the law enforcement agents." (November 28, 2011 letter at 4). The sheer volume of evidence which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, "Defendant's first languages are Latvian and Russian, and English was truly her second language. Each meeting with the Defendant at FDC-Miami was held with a Russian interpreter, and the many meetings at the jail were time-consuming." (November 28, 2011 letter at 4). It is clear that the language barrier between Counsel and Defendant contributed to the complexity of this case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 5.0 in-court hours totaling $625.00.

The CJA administrator also reviewed the 306.5 out-of-court hours sought by Counsel. Counsel sought compensation for 75.7 hours for "Interviews and conferences" and 186.6 hours for "Obtaining and reviewing records." Counsel also sought compensation for 16.4 hours for "Legal research and brief writing" and 27.8 hours of "Travel time."

Counsel sought $37.10 in "Travel Expenses." Lastly, Counsel sought $55.01 in "Other Expenses."

### **In-Court Hours**[1]

Counsel sought compensation for 5.0 in-court hours totaling $625.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. I approve $625.00 as reasonable.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Out-of-Court Hours

In the voucher, Counsel sought compensation for 306.5 out-of-court hours. The CJA administrator reviewed the voucher and made one change to the number of out-of-court hours or the total amount claimed by Counsel. The CJA administrator slightly decreased the number of hours for "Obtaining and reviewing records" to 186.4 (from 186.6 hours). This resulted in a small reduction in the total amount of out-of-court hours to 306.3 hours. This also resulted in a small decrease for the total amount Counsel sought for out-of-court hours to $38,287.50 (from $38,312.50).

Although the majority of Counsel's time entries are appropriate, Counsel included some entries for clerical matters which are not eligible for reimbursement under the CJA. Counsel billed numerous entries (of 0.1 hour) for drafting basic letters to the Federal Detention Center regarding legal visits. The entries were on the following dates: 4/6/2011, 4/7/2011, 4/8/2011, 4/11/2011, 4/19/2011, 4/28/2011, 5/9/2011, 5/19/2011, 5/24/2011, 5/26/2011, 6/8/2011[2], 6/9/2011, 6/13/2011, 6/22/2011, 6/28/2011, 7/1/2011, 7/6/2011, 7/16/2011, 7/19/2011, 8/2/2011, 8/5/2011, 8/15/2011, 8/18/2011, 8/19/2011, 9/7/2011, 10/3/2011 and 10/25/2011.

I recommend that the above entries be eliminated because these entries reflect clerical duties that are not compensable. The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent;

---

[2] Counsel billed 0.2 hours for drafting a "letter to FDC Legal re: approval for joint meeting w/Clients."

telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the above listed entries. This results in a total reduction of $350.00.

Counsel also included two other problematic entries. Counsel included an entry for "Filed speedy trial waiver", seeking 0.1 hour as compensation. This is also a clerical task that is not compensable under the CJA. Accordingly, it is proper to deduct this entry which results in a reduction of $12.50 from the voucher.

The last problematic entry was a 1.0 hour entry for "Drafted Motion for Payment of Discovery Costs" on 5/11/2011. Counsel billed 1.0 hour for this entry. The Motion consisted of only two substantive pages. I find that 1.0 hour of attorney time was excessive for this task and recommend that Counsel be compensated only 0.3 hours for this task. This results in a reduction of $87.50.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $37,837.50 for his out-of-court hours.

## Expenses

Counsel sought $37.10 in "Travel Expenses." Counsel also sought $55.01 in "Other Expenses." The CJA administrator made no corrections to either amount. I hereby approve the $37.10 in "Travel Expenses" and the $55.01 in "Other Expenses."

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $38,554.61 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 27 day of February, 2012.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Paul J. Donnelly, Esq.
    Lucy Lara, CJA administrator